Wardlaw, J.
I concur in the result.
Butler, J.
The ground upon which I consent to a new trial in this case is, that I am not altogether satisfied with the sufficiency of the instructions of the presiding Judge to the jury, on the question of undue influence. I know that this court cannot, either by precise definition or uniform description, say what is undue influence, so as to enable one judge to follow the suggestions of another. Each case will afford, however, an opportunity for the Judge to give useful information to the jury, of what should be regarded undue influence over the will of the testator; sometimes by negative explanation, and sometimes by more direct instruction. So far, at least, we would agree, that it must be a control intentionally exercised by one mind over the will of another, so as to deprive the latter of the free agency of option. Such as seducing the mind from its formed purposes by artful flattery; harrassing it into submission by continued and excessive importunity; or overcoming it by false information and improper menaces. The desire of the legatee modestly expressed, or habitual confidence, and even deference on the part of the testator, inspired by affectionate attention, j or general kindness of the favored legatee, would not be sufficient, unless they were addressed to a mind of unresisting imbecility that had lost the power of self-direction. *269 In the latter view, a want of mental capacity would place the testator’s effects under the direction and disposition of the law.
In the. case before the court, such suggestions as the above, might well have been made to the jury, who may have confounded the general confidence of the lather, with an undue influence exercised over him by the wilful control of the son.